UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
SHAQUILLE PERKINS,

       Plaintiff,                              **COMPLAINT**

             -against-

THE CITY OF NEW YORK, POLICE OFFICER
FREDDY JONES Shield No. 13650 of the 25th Police
Precinct and POLICE OFFICER KEERANDAI
BHAWANIDEEN-JAMNA Shield No. 23981 of the
25th Police Precinct.


       Defendants.


------------------------------------------------------------------- x


The plaintiff, complaining of the defendants, by his attorney, MICHAEL FINEMAN, ESQ.
respectfully shows to this Court and alleges:

### JURISDICTION AND VENUE

1.   Plaintiff brings this action for compensatory damages, and punitive damages pursuant Civil,
and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes
and the Constitutions of the State of New York and the United States.

2.   This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First,
Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

3.   Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

4.   Venue is properly laid in the Southern District of New York under 28 U.SC. §1391(b) and
§1391(c), in that the defendant's, the City of New York, offices are located within the District.

### JURY DEMAND

5.   Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed.
R.Civ.P. 38(b).

PARTIES

6.   The plaintiff, is a United States citizen and is a resident of the United States, State of New York.

7.   Defendant, the City of New York (hereinafter referred to as CITY), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.   Defendant, CITY, maintains the New York City Police Department a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9.   At all times hereinafter mentioned, the individual defendants, POLICE OFFICER FREDDY JONES Shield No. 13650 of the 25th Police Precinct (hereinafter referred to as JONES), AND POLICE OFFICER KEERANDAI BHAWANIDEEN-JAMNA Shield No. 23981 of the 25th Police Precinct (hereinafter referred to as BHAWANIDEEN-JAMNA), were a duly sworn police officers of said police department and were acting under the supervision of said police department and according to their official duties.

10.   At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.   Each and all of the acts of JONES and BHAWANIDEEN-JAMNA, alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY.

12.   Each and all of the acts of JONES and BHAWANIDEEN-JAMNA alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY.

PENDENT STATE CLAIMS

13.   That Notice of the Plaintiff's Claims for violation of the Fourth Amendment of the Constitution of the United States as well as Article 1 § 12 of the Constitution of the State of New York, false arrest and imprisonment, and malicious prosecution as a result of the negligence, carelessness and recklessness and intentional conduct of the New York City Police Department, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the defendant, CITY, on or about January 13, 2020.

14.   That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make an adjustment or payment thereof which is satisfactory to plaintiff.

That this action is commenced within one year and ninety days after the cause of action arose.

FACTS

15. Upon information and belief, on or about February 5, 2019 at 2:30pm at 145 East 125th Street, New York, New York plaintiff was arrested in the vicinity of 346 West 14th Street in New York County, New York by JONES and BHAWANIDEEN-JAMNA, and other members of the New York City Police Department.

16. Upon information and belief, on February 5, 2019 defendants JONES and BHAWANIDEEN-JAMNA – along with other members of the New York City Police Department, where conducting a law enforcement operation in the vicinity of Lexington Avenue and 125th Street, in New York County, in the City and State of New York.

17. Upon information and belief, on February 5, 2019 defendants JONES and BHAWANIDEEN-JAMNA where assigned to an observation post on the second floor of a Modell's Sporting Goods store located at the intersection of Lexington Avenue and 125th Street.

18. Upon information and belief, on February 5, 2019 defendants JONES and BHAWANIDEEN-JAMNA where located inside of that Modell's store at about 12:00pm.

19. Upon information and belief, on February 5, 2019 at approximately 2:45pm defendants JONES and BHAWANIDEEN-JAMNA left their observation post in order to apprehend an individual that JONES claims he observed exchanging small white, cigarette shaped items to other unapprehended individuals for US Currency on Lexington Avenue directly across the street from the observation post.

20. Upon information and belief, on February 5, 2019 the Plaintiff traveled by subway to 125th Street, in Manhattan New York with an acquaintance to go shopping.

21. Upon information and belief, on February 5, 2019 the Plaintiff arrived on 125th Street in front of a McDonalds located at 145 East 125th Street approximately 2:45pm when he was approached by JONES and BHAWANIDEEN-JAMNA, and other members of the New York City Police Department.

22. Upon information and belief, on February 5, 2019 the Plaintiff did not interact with anyone in exchanging any items for US Currency, and never went to the area that was in view of the above described observation post.

23. Upon information and belief, on February 5, 2019 the Plaintiff was arrested by JONES and BHAWANIDEEN-JAMNA, and other members of the New York City Police Department.

24. Upon information and belief, the Plaintiff had not engaged in any criminal conduct in the vicinity of Lexington Avenue and 125th Street on February 5, 2019 prior to being placed under arrest.

25. Upon information and belief, on February 5, 2019 the Plaintiff was searched by JONES and BHAWANIDEEN-JAMNA, and other members of the New York City Police Department, and his belongings, including US Currency, was seized by the defendants.

26. Upon information and belief, at the time of the above-described search and seizure of the plaintiff, JONES and BHAWANIDEEN-JAMNA lacked any information to believe that the

plaintiff had just committed a crime, and lacked any reasonable suspicion or probable cause to search and seize the plaintiff.

27.  Upon information and belief, plaintiff was held in excess of twenty-four hours before being produced by the New York City Police Department for Arraignment in the Criminal Court of the County of New York.

28.  Upon information and belief, Plaintiff was charged with Criminal Possession of a Controlled Substance in the Third Degree, and related charges.

29.  Upon information and belief, JONES stated to the New York County District Attorney's Officer, specifically to Grant Bauer, that he observed the Plaintiff engage in the sale of narcotics.

30.  Upon information and belief, JONES testified before a Grand Jury and stated that he observed Plaintiff engage in narcotics transactions.

31.  Plaintiff was required to attend court approximately 10 times over the course of 10 months until a suppression hearing was held.

32.  At a suppression hearing held in New York County Supreme Court conducted in November 2019, Jones testified that he observed the defendant engage in hand to hand transactions that appeared to be narcotics related transactions.

33.  At the conclusion of the hearing, the Court rendered a decision suppressing all property allegedly recovered from the Plaintiff expressly finding that the Court did not find JONES credible.

34.  As a result of the Court's decision following the suppression hearing, the criminal case against Plaintiff was dismissed on January 7, 2020.

35.  Upon information and belief, JONES was previously caught lying in a suppression hearing where he repeatedly changed his testimony and was contradicted by a superior officer in the case of People v. Anthony Negron, CR-13350-19NY.

36.  Upon information and belief, JONES was found guilty in a departmental disciplinary proceeding where he was accused of engaging in a verbal and physical altercation in 2014.

### FIRST CAUSE OF ACTION FOR DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

37.  Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

38.  All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

39.  All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

40.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

41.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

42.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

43.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with malice and discriminatory intent based on plaintiff's national origin and ethnic background and physical appearance, which is African American.

44.  Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical and mental distress, anguish, pain and suffering.

45.  That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## SECOND CAUSE OF ACTION FOR FALSE ARREST UNDER 42 U.S.C. § 1983

46.  Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

47.  As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

48.  As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

49.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with malice and discriminatory intent based on plaintiff's national origin, ethnic background and physical appearance, which is Hispanic.

50.  Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical and mental distress, anguish, pain and suffering.

51.  That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

<u>THIRD CAUSE OF ACTION FOR FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983 AGAINST CITY AND JONES</u>

52.  Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

53.  On the above mentioned date, defendant JONES did forcibly prevent the plaintiff from exiting the Police Precinct where plaintiff was taken to for arrest processing as well as the New York County Criminal Court Central Booking facility, and finally the New York City Department of Correction with plaintiff's knowledge and without the plaintiff's consent.

54.  Upon information and belief, defendant JONES had no justifiable reason to detain, or cause plaintiff's detention.

55.  Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical and mental distress, anguish, pain and suffering.

56.  Each and all of the acts of defendant JONES alleged herein were done by said person while acting within the scope of his employment by defendant CITY.

57.  Upon information and belief, defendant JONES's conduct was in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

58.  The acts complained of were carried out by defendant JONES in his capacities as an employee of CITY, pursuant to the customs, usages, practices, procedures, and rules of defendant CITY, all under the supervision, and with the consent of managing and supervising employees and agents of defendant CITY.

That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

<u>FOURTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION UNDER NEW YORK STATE LAW AGAINST CITY AND JONES</u>

59.  Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

60.  Defendant JONES misrepresented and falsified evidence before the District Attorney.

61.  Defendant JONES did not make a complete and full statement of facts to the District Attorney.

62.  Defendant JONES withheld exculpatory evidence from the District Attorney.

63.  Defendant JONES was directly and actively involved in the initiation of criminal proceedings against plaintiff.

64.  Defendant JONES lacked probable cause to initiate criminal proceedings against plaintiff.

65.  Defendant JONES acted with malice in initiating criminal proceedings against plaintiff.

66.  Defendant JONES was directly and actively involved in the continuation of criminal proceedings against plaintiff.

67.  Defendant JONES lacked probable cause to continue criminal proceedings against plaintiff.

68.  Defendant JONES acted with malice in continuing criminal proceedings against plaintiff.

69.  Defendant JONES misrepresented and falsified evidence throughout all phases of the criminal proceeding.

70.  Defendant JONES engaged in the above described conduct while employed by Defendant CITY, as CITY's agent, with apparent and actual authority to act as CITY's agent, and within the scope of his employment.

71.  Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about January 7, 2020.

72.  By reason of the foregoing, plaintiff requests that this Court award him, a money judgment, in an amount to be determined at trial, for the physical and mental distress, anguish, pain and suffering he experienced as a result of the defendants' offensive conduct in an amount not less than the sum of ONE MILLION ($1,000,000.00) DOLLARS.

<u>FIFTH CAUSE OF ACTION FOR NEGLIGENCE AS AGAINST DEFENDANT CITY</u>

73.  Plaintiff repeats, reiterates and realleges each and every allegation contained in prior paragraphs with the same force and effect as if more fully and at length set forth herein.

74.  That the defendant CITY was negligent, careless and reckless in hiring and retaining as and for its employee, particularly defendant JONES, in that the said defendant lacked the experience, deportment and ability to be employed by defendant CITY; in that CITY failed to exercise due care and caution in their hiring practices, and in particular, in hiring defendant JONES, who lacked the mental capacity and the ability to function as employee of defendant CITY; in that the defendant CITY failed to investigate the above named defendants' background and in that it hired and retained as employee of their police department individuals who were unqualified in that JONES lacked the maturity, sensibility and intelligence to be employed when hired to be employee; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

75.  That CITY continued to employ JONES after it was clear that he was not fit to hold the position of Police Officer due to his repeated and known misconduct.

76. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical and mental distress, mental anguish, and anxiety.

77. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.


Dated: New York, New York
       November 18, 2020

                Very truly yours,

                THE LAW OFFICE OF MICHAEL FINEMAN, ESQ.


By: _____
                Michael Fineman, Esq. (MF0282)
                Attorney for Plaintiff,
                SHAQUILLE PERKINS,
                408 Broadway
                New York, NY 10013
                Tel: (212) 233-4500
                Fax: (212) 233-4501